IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STACEY HASLEM ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-450 (MTT) |
| | ) |
| WARNER ROBINS POLICE DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On November 30, 2020, Plaintiff Stacey Haslem Roberts, proceeding pro se, filed her complaint. Doc. 1. That same day, she filed a motion to proceed *in forma pauperis* ("IFP"). Doc. 2. For the reasons below, the Court **GRANTS** the plaintiff's motion to proceed IFP (Doc. 2) and **ORDERS** the plaintiff to amend her complaint.

### I. DISCUSSION

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (internal quotation marks and citation omitted).

**A.  Financial Status**

To show poverty, a plaintiff need not show in the affidavit that he is "absolutely destitute." *Id.* at 1307 (internal quotation marks and citation omitted).  Instead, "[s]uch an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*  "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307).  A court may not deny a motion to proceed IFP solely based on the reason that a plaintiff's annual income exceeds the poverty threshold set by the Department of Health and Human Services guidelines.  *Id.* (citing *Martinez*, 364 F.3d at 1307 n.5 (noting that the movant's income was above the poverty line but finding that her sworn statement that she was a pauper and unable to pay court costs was "sufficient on its face to demonstrate economic eligibility" for IFP status)).

However, § 1915(a) "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (internal quotation marks and citation omitted).  Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014

WL 3845777, *1 (N.D. Ga. 2014) (internal quotation marks and citations omitted). District courts are given wide discretion to decide IFP cases and should grant the privilege sparingly, especially in civil cases for damages. *Martinez*, 364 F.3d at 1306 (citation omitted).

The plaintiff has submitted a declaration to show she is unable to pay the court fees. Doc. 2. In her motion to proceed IFP, the plaintiff states that she has no cash, no money in a bank account, and no assets. *Id*. at 2-3. Although the plaintiff appears to be employed with the postal service, she states that the number of hours she works regularly fluctuates. *Id.* at 5. The plaintiff has two children who depend on her, and her monthly expenses total $2,466. *Id.*

The plaintiff attached ten of her recent paychecks to her complaint. Doc. 1-3. The average net pay from these bi-weekly paychecks is $1,176.22. *Id.* This would amount to $30,581.79 per year (multiplying her average bi-weekly pay by 26). While this is more than the federal poverty guideline[2] for a household of three, that cannot be the Court's sole consideration when deciding whether the plaintiff qualifies as a pauper under § 1915(a). *See Thomas*, 574 Fed. App'x at 917. Further, the plaintiff does not need to show "absolute destitute." *Id.*

Based on the facts set forth in the plaintiff's declaration, the Court will grant the plaintiff IFP status. Specifically, the plaintiff has no cash, no assets, and her income fluctuates greatly month to month. Doc. 2. Because of the reasons stated, the Court finds that the plaintiff qualifies as a pauper under § 1915. Accordingly, the plaintiff's motion for leave to proceed IFP (Doc. 2) is **GRANTED**.

---

[2] The federal poverty guidelines can be found at https://aspe.hhs.gov/poverty-guidelines.

**B. Order to Amend Complaint**

The plaintiff states that she is bringing this claim against the Warner Robins Police Department, the Houston County Superior Court, Atlanta Postal Credit Union, and Robins Financial Credit Union.  Doc. 1 at 2.  She claims these entities—some of which are not even legal entities subject to suit[3]—violated her Fifth and Eighth Amendment rights.  In explaining her claims, the plaintiff uses phrases such as defamation of character, cruel and unusual punishment, damages, and other seemingly unrelated words.  *Id.* at 4.  Nowhere in her complaint does the plaintiff explain how the named defendants violated her rights.

Thus far, the plaintiff's allegations are thin, and the Court is unable to conduct a thorough frivolity review.  *See* 28 U.S.C. § 1915(e)(2)(b) (stating that a court is required to dismiss a case brought by a pro se plaintiff if it (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief).  It is not clear whether this is because of the manner in which the allegations have been pled or whether they simply lack substance.  However, given the plaintiff's pro se status, the Court will afford her an opportunity to amend her complaint to state viable claims.  *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.") (citation omitted).

---

[3] The Warner Robins Police Department and Houston County Superior Court are not legal entities subject to suit.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citations omitted); *Howard v. Brown*, 738 F. Supp. 508, 510 (S.D. Ga. 1998) (citations omitted); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (citations omitted).

The amended complaint will take the place of and supersede the plaintiff's original complaint (Doc. 1).  *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013) (citation omitted).  The plaintiff may not refer to, or incorporate by reference, her previous complaint or its attachments.  The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B).  *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

The plaintiff should ensure that her amended complaint identifies any and all defendants, relief sought, and facts she wishes to make a part of this lawsuit.  Specifically, the amended complaint must contain a caption in the heading of the complaint that clearly identifies, by name, each individual that the plaintiff has a claim against and wishes to include as a defendant in the present lawsuit.  The plaintiff is to name only defendants associated with the claim or related claims that she is pursuing in this action.  *Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027, 1030 (11th Cir. 2015) (citing Fed. R. Civ. P. 20(a)(2)(A)-(B)).  The plaintiff must list each defendant again in the body of his complaint and tell the Court exactly how that defendant violated her rights.  If the plaintiff does not link a defendant to a claim, the claim will be dismissed.  Likewise, if the plaintiff makes no allegations in the body of her complaint against a named defendant, that defendant will be dismissed.  Also, any alleged violation will be dismissed if the plaintiff fails to tell the Court who committed the violation.

At one point in her complaint, the plaintiff asks to be exonerated on all charges. Doc. 1 at 4. Because of this, the plaintiff must also tell the Court the status of her criminal case. Has the plaintiff pled guilty or not guilty? Is the case proceeding to trial? Has trial occurred? If trial has occurred, what was the verdict? If the plaintiff was convicted, has she been sentenced and has she appealed? If she has been sentenced, what is her sentence and is she currently serving her sentence? If she has already served her sentence, when did she complete it?

The plaintiff also seems to take issue with an *in rem* civil action commenced against property in which she had an interest. Docs. 1 at 4; 1-2. The plaintiff needs to give the Court more information about the status of this case. Did the plaintiff contest the *in rem* action? Did she receive a complaint? Did she file an answer? Was there a trial? If there was a trial, what was the outcome?

For these reasons, the plaintiff is **ORDERED** to amend her complaint to include all facts that she wishes to make a part of these proceedings. The plaintiff shall have until December 21, 2020 to file her amended complaint against all defendants.

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, the plaintiff's Motion to Proceed IFP (Doc. 2) is **GRANTED**, and the plaintiff is **ORDERED** to amend her complaint to include all defendants and facts that she wishes to make a part of these proceedings no later than December 21, 2020. The Clerk's Office is **DIRECTED** to send the plaintiff a new complaint form.

**SO ORDERED**, this 3rd day of December, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
